UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                     No.  12 CR 556-2-LTS

ANIBAL RAMOS,

       Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Before the Court is Defendant Anibal Ramos' motion for early termination of supervised release. (Docket entry no. 409 (the "Motion").) The Government opposes this request. The Court has reviewed thoroughly the parties' submissions and, for the following reasons, denies the Motion.

## BACKGROUND

On July 31, 2013, Mr. Ramos pled guilty before this Court to conspiracy to commit kidnapping, in violation of 18 U.S.C. section 1201(c); kidnapping, in violation of 18 U.S.C. section 1201; and conspiracy to distribute and possession with intent to distribute cocaine base and heroin, in violation of 21 U.S.C. section 846. (Docket entry no. 133.) On January 28, 2016, the Court sentenced Mr. Ramos principally to 120 months of imprisonment, to be followed by five years of supervised release. (Docket entry no. 362.) Due to the nature of his underlying offense, several special conditions of supervised release were imposed to deter reoffending and promote rehabilitation, such as participation in drug treatment programs and mental health programs. (See id. at 4.)

On August 21, 2020, Mr. Ramos moved for a reduction in sentence under 18 U.S.C. section 3582(c)(1)(A). (Docket entry no. 384.). The Court granted Mr. Ramos' motion

and specified that Mr. Ramos would serve an additional special period of six months of supervised release, during which he would be subject to an additional special condition of six months of home detention, followed by the ten-year supervision period that the Court initially imposed.  (Docket entry no. 401 ("CR Ord.") at 7.)  Mr. Ramos completed the special period of his supervised release without issues.

Mr. Ramos submitted the instant Motion by writing directly to the Court on June 27, 2025, approximately four and a half years into the term of his ten-year supervised release sentence.  (Motion at 1.)  The Court thereafter entered an order (docket entry no. 410) directing further briefing from the Government and allowing Mr. Ramos to file any additional support for his Motion.  The Government filed its opposition on August 4, 2025.  (Docket entry no. 411 ("Gov't Mem.").)  Although the Court entered an additional order allowing Mr. Ramos to file a reply to the Government's submission (docket entry no. 412), Mr. Ramos has not made any further submission.  The Motion is now fully briefed.

DISCUSSION

A court may terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," and may also "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release."  18 U.S.C.A. § 3583(e)(1)-(2) (Westlaw through P.L. 119-36); see also United States v. Johnson, 529 U.S. 53, 60 (2000).  In determining whether to grant an application for termination or modification of the conditions of supervised release, the reviewing court must consider certain sentencing factors set forth in 18 U.S.C. section 3553(a) ("Section 3553(a)"), including "deterrence, public safety, rehabilitation,

proportionality, and consistency." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997); 18 U.S.C.A. § 3583(e)(1)-(2). Early termination is not "warranted as a matter of course," and decisions regarding termination and modification are within the discretion of the district court. United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015) (citation omitted); see also United States v. Parisi, 821 F.3d 343, 347-48 (2d Cir. 2016).

    In support of his request, Mr. Ramos cites his avoidance of any violations during his supervision, his consistent employment, and his engagement in mental health care. (See Motion at 1.) Mr. Ramos also highlights his desire to move closer to his family due to his declining health. (See id.) The Government, however, argues that Mr. Ramos does not meet the requirements of early termination, and that supervision is beneficial for him. (Gov't Mem. at 13.) The Government first suggests that Mr. Ramos' mere compliance with supervision does not justify the "extraordinary" relief he seeks. (Id.) The Government also argues that Mr. Ramos' success throughout his supervision is attributable to "the structure and resources that supervised release provides," and reports that Mr. Ramos' probation officer "is concerned . . . that, without supervision, he will lose much of the ground that he gained." (Id. at 14.) Lastly, the Government suggests that the applicable statutory factors under Section 3553(a) do not support an early termination of supervised release, given the gravity of Mr. Ramos' offense, the need to deter Mr. Ramos from reoffending and to protect the public, and the need to provide Mr. Ramos with effective correctional treatment. (Id. at 15-17.)

    After considering all of the relevant information in light of the applicable factors, the Court concludes that Mr. Ramos has failed to present facts and circumstances that would justify early termination of his current term of supervised release. Mr. Ramos' period of supervised release has indeed been without incident. As the Government notes, however, "full

compliance with the terms of supervised release is what is expected of him and all others serving terms of imprisonment and supervised release and does not warrant early termination." United States v. Rasco, No. 88 CR 817 CSH, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000); see also United States v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." (citation omitted)).

As the Court has noted at the sentencing hearing and in its order granting Mr. Ramos' motion for compassionate release, Mr. Ramos was "in a leadership role for many years in a long-running narcotics trafficking organization that plagued an entire block in the Bronx and was personally involved in the kidnapping and torture of a young man." (Docket entry no. 365 ("Sent. Tr.") at 26-27; CR Ord. at 4.) The Court also acknowledged Mr. Ramos' "genuine remorse," his "very difficult upbringing and personal history," and his "deteriorating health as a result of his stage three colon cancer." (Sent. Tr. at 27, 29; CR Ord. at 4.) The Court therefore sentenced Mr. Ramos to a term of imprisonment that reflected these considerations, and then adjusted that sentence in light of the COVID-19 pandemic and his declining health. No material changes in circumstance have occurred since the Court's consideration of Mr. Ramos' motion for compassionate release that would "render a previously imposed term or condition of release either too harsh or inappropriately tailored." Lussier, 104 F.3d at 36.

While the Court is sympathetic to Mr. Ramos' desire to reside closer to his family, the Court finds that the applicable Section 3553(a) factors counsel against an early termination of Mr. Ramos' supervision. The nature and circumstances of the conduct to which Mr. Ramos pleaded guilty are very serious and weigh strongly against early termination of supervised release. The Court also finds that Mr. Ramos has not identified extraordinary conduct

or unforeseen harsh circumstances that warrant early termination of his supervised release. The Motion is accordingly denied. Mr. Ramos may, however, explore with the Probation Office the possibility of transferring supervision of his release to another District should he want to move to be closer to members of his family.

## CONCLUSION

For the reasons explained above, the Motion is denied. This Memorandum Order resolves docket entry no. 409.

SO ORDERED.

Dated: October 29, 2025
      New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge